IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| McKENZIE HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:23-cv-979 |
| | § | |
| ENCHANTMENT HOTELS, INC., | § | |
| d/b/a SPA PAWS HOTEL, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, McKenzie Hill ("Hill" or "Plaintiff"), Plaintiff in the above-styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of Enchantment Hotels, Inc., d/b/a Spa Paws Hotel ("Spa Paws" or "Defendant"), and for cause of action, would show as follows:

## I.   INTRODUCTION

1. This action seeks back pay, front pay, equitable relief, compensatory and punitive damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for sex/pregnancy discrimination suffered by Hill in the course of her employment with Spa Paws. Hill complains that she was discriminated against regarding the terms and conditions of her employment because of her sex/pregnancy. Hill demands a jury on all issues triable to a jury.

## II.   PARTIES

2. Plaintiff is a citizen of the United States and is currently a resident of Garland, Dallas County, Texas.

3. Defendant is a Texas corporation doing business in and headquartered in Fort Worth, Texas. Defendant may be served with process through its registered agent and owner, Janice Grimes, at 251 Carroll Street, Fort Worth, Texas 76107, or wherever the registered agent may be found.

### III.   JURISDICTION AND VENUE

4. This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1, *et seq*., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Northern District of Texas–Fort Worth Division, as the entirety of the acts and conduct charged herein occurred in this district.

6. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

### IV.   PROCEDURAL REQUISITES

7. Hill filed a Charge of Discrimination ("Charge") against Defendant under Charge Number 450-2018-05960 with the Equal Employment Opportunity Commission ("EEOC") on November 14, 2018. In her Charge, Hill claimed that Defendant discriminated against her because of her sex/pregnancy.

8. On June 27, 2023, the EEOC issued a Notice of Right to Sue letter ("Right to Sue"), entitling Hill to file an action in this Court. The filing of this lawsuit has been accomplished within ninety (90) days of Hill's receipt of the Right to Sue.

9. All conditions precedent to filing this cause of action have been met.

### V.   FACTS

10. Hill, a female, began her employment with Spa Paws in August 2017 as a dog attendant. Hill performed her duties well and had no disciplinary issues.

11.     In or about early May 2018, Hill informed Janice Grimes ("Grimes"), owner of Spa Paws, that she was pregnant. Hill also shared with Grimes that she intended to work for Spa Paws full time until she gave birth to her baby and that she planned to return to work at Spa Paws following a short maternity leave of six to eight weeks.

12.     On May 25, 2018, Grimes met with Hill, at which time Grimes informed Hill that she "can't let the pregnant thing go on too long," and that Grimes "can't keep a pregnant person here forever," reminding Hill that Grimes had warned her that this (Hill's termination) was coming. Grimes told Hill that Hill's pregnancy was a "liability" and berated Hill for wanting to continue working with dogs. Grimes also berated Hill's OBGYN, asserting that the doctor would never tell Hill it was safe for her to continue working there, even though Hill insisted that her doctor had said just that.

13.     At the time Hill was terminated, she was only four months into her pregnancy and had not gained any pregnancy weight yet. Her doctor had cleared her to keep working for Spa Paws, but Grimes insisted that such a notion was ridiculous. Grimes also compared Hill to previous employees who worked while pregnant, claiming that one employee got too big to bend over to pick up dogs, and asserted that Hill would have the same problem.

14.     Grimes even went so far as to question Hill's marital status and whether or not Hill and her husband had thought through their job situations before getting pregnant.

15.     Grimes insisted that, in order to "protect myself . . . because I have a business to run," she didn't "feel comfortable having a girl pregnant in my pet hotel."

16.     Toward the end of the meeting, Grimes did offer for Hill to continue working on Saturdays only for one more month until Hill was unable to do so, but Grimes added that whether or not Hill would be able to continue working would be up to Grimes, not Hill.

17. Before the meeting ended, Grimes told Hill, "You're a great employee . . . it's just the damn liability of it" and offered for Hill to come talk to her about a job again after the baby was born.

## VI. SEX/PREGNANCY DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE PREGNANCY DISCRIMINATION ACT

18. Each and every allegation contained in the foregoing paragraphs is realleged as if fully set forth herein.

19. Spa Paws intentionally discriminated against Hill because of her sex/pregnancy when Grimes made discriminatory comments about Hill, Hill's pregnancy, and previous pregnant employees. Spa Paws further intentionally discriminated against Hill when Grimes terminated Hill's full-time employment.

20. Spa Paws acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Hill.

## VII. DAMAGES

21. As a result of Spa Paws' conduct, Hill seeks the following relief: (1) back pay; (2) front pay; (3) loss of wages and benefits in the past and the future; (4) costs of court and attorneys' fees; (5) mental anguish and emotional distress in the past and future; and (6) compensatory damages.

22. Additionally, since Defendant's actions were committed maliciously, willfully, and/or with reckless indifference to Hill's federally protected rights, Hill is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Spa Paws and others similarly situated from this conduct in the future.

## VIII. JURY DEMAND

23. Hill requests a trial by jury on issues triable by a jury in this case.

## IX.   PRAYER

WHEREFORE, Plaintiff McKenzie Hill respectfully prays that upon final trial hereof, this Court grant her appropriate back pay, including, but not limited to, her salary and benefits; reinstatement, or if reinstatement is deemed not feasible, front pay, including, but not limited to, her salary and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; punitive damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: */s/ Daryl J. Sinkule*
DARYL J. SINKULE
State Bar No. 24037502
3141 Hood Street, Suite 500
Dallas, Texas 75219
Telephone: (214) 969-9099
Facsimile: (214) 379-0843
djs@kilgorelaw.com

**ATTORNEYS FOR PLAINTIFF
MCKENZIE HILL**